## WILLIAM H. MILNER *vs.* DENNIS HARE.

### Knox. Opinion October 16, 1926.

*In an action for malicious prosecution, it is necessary to prove both malice and lack of probable cause. The mere fact that a plaintiff fails in an action will not alone furnish a ground for action. If the plaintiff acts upon the advice of an attorney, it may be sufficient to satisfy a jury that probable cause existed, but if he fails to state to his attorney fully and truthfully all the facts, a jury might well find that probable cause was lacking.*

In the instant case, it was purely a question of veracity between witnesses. If the jury believed the plaintiff and his witnesses, the defendant, in the original suit, did not fully and truthfully state the facts to his attorney who brought the action, and the jury may have properly found under instructions, to which no exceptions were taken, that probable cause was lacking, and at least legal malice, if not actual malice, was present.

On general motion. An action for malicious prosecution. The defendant in this action was plaintiff in a former action against the plaintiff in this action, of trover for the value of fifty logs, and also another action for board and hay was brought by same plaintiff against same defendant, in which two actions defendant, the plaintiff in this case, prevailed in the first action, and the plaintiff prevailed in the second action. The plaintiff in this case, having prevailed as defendant in the first case then brought this action. Verdict for

plaintiff and defendant took the case to the Law Court on a general motion.    Motion overruled.

The case fully appears in the opinion.

*E. W. Pike and F. H. Ingraham,* for plaintiff.

*R. I. Thompson and F. A. Tirrell, Jr.,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, STURGIS, BASSETT, JJ. MORRILL, A. R. J.

WILSON, C. J.    An action for malicious prosecution.    The jury found for the plaintiff, and assessed damages in the sum of one hundred dollars.    The case is here on motion for new trial.

The original action on which the present action is predicated was an action of trover for the conversion of certain logs.    In March, 1922, the defendant sold the plaintiff a farm with two woodlots.    On the woodlots were certain logs cut and lying on the ground.    The testimony is that the plaintiff offered fifteen hundred dollars, and the defendant asked seventeen hundred and fifty.    The plaintiff, corroborated by the agent of the defendant, who conducted the negotiations and heard the conversation, testified that the final terms agreed upon were, that the plaintiff was to pay sixteen hundred and twenty-five dollars and have the logs.    The defendant, uncorroborated by other witnesses, testified that he agreed to sell for the last-named sum upon the condition that he reserve the logs.

In the Winter of 1922-1923, the plaintiff disposed of the logs on one of the woodlots, the logs on the other lot in the meantime having been conveyed by bill of sale to the defendant by the plaintiff, either in accordance with the agreement of purchase, or in connection with another transaction.

In August, the following year, two actions were brought by the defendant against the plaintiff, one of which was the trover action for the recovery of the value of the logs disposed of by the plaintiff.    The cases were referred to a referee, who decided against Hare in the trover action.    As a result, the plaintiff brought this action of malicious prosecution, alleging that the action of trover was brought without probable cause and with malice, for the purpose of harassing and injuring the plaintiff.

The defendant's contention is that the jury clearly erred in finding lack of probable cause and malice, inasmuch as the evidence did not show

either ill will, nor malice in law, *Hopkins* v. *McGillicudy*, 69 Maine, 276-7, and the defendant before bringing the action of trover consulted an experienced and reputable attorney and acted upon his advice.

It is true that, even if malice existed, but there was probable cause, no action for malicious prosecution could be maintained, *Payson* v. *Caswell*, 22 Maine, 212; *Soule* v. *Winslow*, 64 Maine, 520; and if a party states to an experienced and reputable attorney fully and truthfully all the facts, and acts upon the advice received, it may be sufficient to satisfy a jury that he acted without malice, or, at least, had probable cause.

It is for the jury to find the facts, if in dispute, and determine the inferences to be drawn therefrom. *Watt* v. *Corey*, 76 Maine, 87; *Hopkins* v. *McGillicudy*, supra; Page 276; *White* v. *Carr*, 71 Maine, 555; *Morin* v. *Moreau*, 112 Maine, 471; *Stevens* v. *Fassett*, 27 Maine, 266. The mere fact that a plaintiff failed in his action, of course, would not alone furnish a ground for an action for malicious prosecution.

The instant case was properly submitted to the jury, and we must assume under proper instruction as to the essential elements of such an action and what constitutes malice and probable cause in law. It was simply a question of whether the trade was as claimed by the defendant, or there was a misunderstanding between the parties as to the terms and the defendant acted in good faith in seeking to recover the value of the logs; or whether the trade was as stated by the plaintiff and the defendant untruthfully and deliberately mis-stated the terms of the sale to his counsel, and the action of trover was brought out of spite, or malice, by reason of some differences which had arisen between them since the sale of the farm. The plaintiff urged the latter reason, because of the delay in bringing the trover suit, and it following a dispute as to some hay and board.

. The jury heard the witnesses, and evidently believed the plaintiff and his witness as to the agreement for the sale of the farm. If so, the defendant, from his own testimony, did not truthfully state the facts to his attorney, and the jury, therefore, under the instructions of the court, may have been warranted in finding from such a deliberate misrepresentation, that probable cause was lacking, *Cooper* v. *Waldron*, 50 Maine, 80, and that legal malice, *Page* v. *Cushing*, 38 Maine, 526, actuated the defendant in bringing a groundless suit, as it would be if the plaintiff and the agent's testimony was believed.

From the reported case, to reverse the verdict would be to substitute the judgment of this court upon the printed testimony for that of the jury, who heard the witnesses, upon a question of veracity. The parties have had their day in court before the tribunal established to determine the facts. It decided in favor of the plaintiff. The verdict is not excessive or large. We do not find sufficient grounds for disturbing it.

*Motion overruled.*